IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EBONY BOWERS,

    Plaintiff,

v.

SINGH KULDEEP,
JAAP TRUCKING, INC.,
and AGB EXPRESS CORPORATION,

    Defendants.

No. _____
JURY DEMAND

## COMPLAINT

COMES NOW the Plaintiff, EBONY BOWERS, by and through undersigned counsel, and asserts the following Complaint against the Defendants, SINGH KULDEEP, JAAP TRUCKING, INC., and AGB EXPRESS CORPORATION. As her Complaint, Plaintiff, EBONY BOWERS, would show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, EBONY BOWERS (hereinafter "Plaintiff"), is a resident and citizen of Davidson County, Tennessee.

2. Upon information and belief, Defendant, SINGH KULDEEP (hereinafter "Defendant Kuldeep"), at all times relevant to this Complaint was a resident of Bakersfield, California with a principal address of 3908 Panama Lane, Apartment C, Bakersfield, Kern County, California 93313. Defendant Kuldeep may be served with process at this address or wherever he may be found.

1

3. Upon information and belief, Defendant, JAAP TRUCKING, INC. (hereinafter "Defendant JAAP"), at all times relevant to this Complaint, is a domestic, for-profit corporation formed pursuant to the statutes of the state of New Jersey, whose principal office address is 12 Falcon Road, Flanders, New Jersey 07836. Defendant JAAP's registered agent for the purposes of service of process is Kuldeep S. Waraich. Kuldeep S. Waraich may be served on behalf of at Defendant JAAP at 54 Toler Place, Newark, New Jersey 07114 or wherever he/she may be found.

4. Upon information and belief, Defendant, AGB EXPRESS CORPORATION (hereinafter "Defendant AGB"), at all times relevant to this Complaint, is a domestic, for-profit corporation formed pursuant to the statutes of the state of New Jersey, whose principal office address is 4 Borman Avenue, Avenel, New Jersey 07001. Defendant AGB's registered agent for the purposes of service of process is Parminder Singh. Parminder Singh may be served on behalf of Defendant AGB at 4 Borman Avenue, Avenel, New Jersey 07001 or wherever he/she may be found.

## II. JURISDICTION AND VENUE

5. Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages she sustained as a result of an automobile collision on April 9, 2021 at or near the intersection of Trinity Lane and Brick Church Pike in Nashville, Davidson County, Tennessee.

6. Section 1332 of Title 28 of the United States Code grants federal district courts original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

7. Subject matter jurisdiction over this cause of action is proper pursuant to 28 U.S.C. § 1332.

8. Venue for a trial on the merits in the United States District Court for the Middle district of Tennessee is proper, in part, by virtue of 28 U.S.C. § 1391(b)(2) as this cause of action arose in Nashville, Davidson County, Tennessee.

### III. FACTUAL ALLEGATIONS

9. The motor vehicle wreck which is the subject of this action occurred on or about April 9, 2021 at or near the intersection of Trinity Lane and Brick Church Pike in Nashville, Davidson County, Tennessee.

10. At the time of the incident giving rise to this cause of action, Plaintiff was operating her red 2015 Dodge Journey bearing vehicle identification number "3C4PDCGB8FT727782" and license plate number "9K23Y9."

11. At the time of the incident giving rise to this cause of action, Plaintiff was traveling westbound on Trinity Lane at or near the intersection of Trinity Lane and Brick Church Pike in Nashville, Davidson County, Tennessee.

12. At the time of the incident giving rise to this cause of action, Defendant Kuldeep was operating a gray 2006 Kenworth tractor trailer bearing vehicle identification number "1XKADB9X46J107757" and license plate number "AU180U."

13. At the time of the incident giving rise to this cause of action, Defendant JAAP was the registered owner of the tractor trailer driven by Defendant Kuldeep.

14. At the time of the incident giving rise to this cause of action, Defendant AGB was the registered owner of the tractor trailer driven by Defendant Kuldeep.

15. At the time of the incident giving rise to this cause of action, the tractor trailer driven by Defendant Kuldeep was titled in the name of Defendant JAAP.

3

16. At the time of the incident giving rise to this cause of action, the tractor trailer driven by Defendant Kuldeep was titled in the name of Defendant AGB.

17. At the time of the incident giving rise to this cause of action, Defendant Kuldeep was traveling southbound on Brick Church Pike at or near the intersection of Trinity Lane and Brick Church Pike in Nashville, Davidson County, Tennessee.

18. At the time of the incident giving rise to this cause of action, Plaintiff entered the intersection of Trinity Lane and Brick Church Pike pursuant to a green light.

19. At the time of the incident giving rise to this cause of action, Plaintiff intended to travel straight through the intersection of Trinity Lane and Brick Church Pike to continue a westbound direction of travel.

20. At the time of the incident giving rise to this cause of action, the traffic control light governing Defendant Kuldeep's direction of travel was red.

21. At the time of the incident giving rise to this cause of action, Defendant Kuldeep entered the intersection of Trinity Lane and Brick Church Pike thereby violating Plaintiff's right of way.

22. As a consequence of Defendant Kuldeep's actions, a collision between the parties' vehicles resulted.

23. At the time of the incident giving rise to this cause of action, Defendants failed to inspect, maintain, and keep the tractor trailer driven by Defendant Kuldeep in proper working order.

24. At the time of the incident giving rise to this cause of action, Defendant Kuldeep was the agent, servant, and/or employee of Defendant JAAP. Defendant Kuldeep was operating the aforementioned tractor trailer with the permission of Defendant JAAP while acting within the course and scope of his agency, servitude, and/or employment with Defendant JAAP, and on the business of Defendant JAAP.

4

25. At the time of the incident giving rise to this cause of action, Defendant Kuldeep was the agent, servant, and/or employee of Defendant JAAP. Defendant Kuldeep was operating the aforementioned tractor trailer with the permission of Defendant AGB while acting within the course and scope of his agency, servitude, and/or employment with Defendant AGB, and on the business of Defendant ABG.

26. At the time of the incident giving rise to this cause of action, Defendant JAAP was acting by and through its agent, servant, and/or employee, including Defendant Kuldeep, and Defendant JAAP is responsible for the acts of its agent, servant, and/or employee pursuant to the doctrines of respondeat superior, agency, or similar law.

27. At the time of the incident giving rise to this cause of action, Defendant AGB was acting by and through its agent, servant, and/or employee, including Defendant Kuldeep, and Defendant AGB is responsible for the acts of its agent, servant, and/or employee pursuant to the doctrines of respondeat superior, agency, or similar law.

28. As a result of Defendants' negligence, Plaintiff suffered injuries to her person. Most significantly is a grossly posterior displaced fracture of the left distal radial with intra-articular extension and dorsal subluxation of the radiocarpal joint which required surgical intervention following the motor vehicle wreck described herein, ongoing physical therapy, and future reconstructive surgery. Plaintiff also suffered injuries to her person in the form of a paracentral disc protrusion contacting the spinal cord and contributing to canal stenosis at C5/C6 of Plaintiff's spine.

29. As a result of Defendants' negligence, Plaintiff has incurred medical bills totaling $94,928.38 for treatment of injuries caused by the motor vehicle wreck described herein and has incurred lost wages in the amount of $29,999.99. Her medical care and lost wages are ongoing.

5

Case 3:21-cv-00951  Document 1  Filed 12/28/21  Page 5 of 12 PageID #: 5

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

30. Plaintiff avers that Defendant Kuldeep was guilty of the following acts of common law negligence, in that he failed to:

   a. maintain the tractor trailer under proper and reasonable control;

   b. operate the tractor trailer at an appropriate speed for conditions then and there existing on the roadway;

   c. obey traffic control signals governing the flow of traffic on the roadway;

   d. bring the tractor trailer under control and to a stop when there was sufficient time and distance to do so before striking Plaintiff's vehicle;

   e. ensure the mechanical integrity of the tractor trailer prior to operating the tractor trailer on the roadway;

   f. ensure that the brakes of the tractor trailer were in proper working order prior to operating the tractor trailer on the roadway;

   g. drive in a reasonable and prudent manner with regard for the control of the tractor trailer and traffic conditions on the roadway; and

   h. see that which was there to be seen and take proper action with respect thereto.

31. Plaintiff avers that Defendant Kuldeep violated the following ordinances of the Metropolitan Government of Nashville which were in full force an defect at the time and place of the motor vehicle wreck described herein, constituting negligence per se:

   a. Metropolitan Government of Nashville 12.12.050(a): Obedience to traffic-control devices; and

6

b. Metropolitan Government of Nashville 12.68.170(a): Careless driving.

32. Plaintiff avers that Defendant Kuldeep violated the following statutes of the State of Tennessee which were in full force and effect at the time and place of the motor vehicle wreck described herein, constituting negligence per se:

    a. T.C.A. § 55-8-136: Driver to exercise due care;

    b. T. C. A. § 55-8-197: Failure to yield right-of-way;

    c. T.C.A. § 55-8-109: Obedience to any required traffic-control device; and

    d. T. C. A. § 55-8-103: Required obedience to traffic laws.

33. Plaintiff avers that Defendants violated the following provisions of the Federal Motor Carrier Safety Act, which were in full force and effect at the time and place of the motor vehicle wreck described herein, collision constituting negligence per se:

    a. Federal Motor Carrier Safety Act § 392.7, 49 U.S.C. § 392 (2001): Equipment, inspection, and use;

    b. Federal Motor Carrier Safety Act § 393.48, 49 U.S.C. § 393 (2001): Brakes to be operative;

    c. Federal Motor Carrier Safety Act § 393.52, 49 U.S.C. § 393 (2001): Brake performance;

    d. Federal Motor Carrier Safety Act § 396.3, 49 U.S.C. § 396 (2001): Inspection, repair, and maintenance;

    e. Federal Motor Carrier Safety Act § 396.7, 49 U.S.C. 396 (2001): Unsafe operations forbidden; and

    f. Federal Motor Carrier Safety Act § 396.13, 49 U.S.C. 396 (2001): Driver inspection.

34. As it relates to the negligence per se allegations presented herein, Plaintiff avers that these ordinances, statutes, and regulations were designed to protect against the type of harm caused by Defendants' conduct and that Plaintiff is of the class of persons that the aforementioned ordinances, statutes, and regulations were designed to protect. Defendants' per se violations, as presented herein, were the cause in fact and proximate cause of Plaintiff's injuries.

35. Defendant Kuldeep was the agent, servant, and/or employee of Defendant JAAP and was acting within the course and scope of said agency, servitude, and/or employment at the time of the collision. Defendant JAAP is vicariously liable for the negligence of Defendant Kuldeep and Plaintiff's injuries and damages.

36. Defendant Kuldeep was the agent, servant, and/or employee of Defendant AGB and was acting within the course and scope of said agency, servitude, and/or employment at the time of the collision. Defendant AGB is vicariously liable for the negligence of Defendant Kuldeep and Plaintiff's injuries and damages.

37. Defendant JAAP was the principal, master, and/or employer of Defendant Kuldeep at the time of the motor vehicle wreck described herein.

38. Defendant AGB was the principal, master, and/or employer of Defendant Kuldeep at the time of the motor vehicle wreck described herein.

39. Defendant JAAP negligently entrusted the 2006 Kenworth tractor trailer to Defendant Kuldeep.

40. Defendant AGB negligently entrusted the 2006 Kenworth tractor trailer to Defendant Kuldeep.

41. Defendant JAAP has the negligence of Defendant Kuldeep imputed to it as the registered owner of the 2006 Kenworth tractor trailer driven by Defendant Kuldeep at the time of the motor

8

vehicle wreck described herein consistent with Tenn. Code Ann. § 55-10-311 and Tenn. Code Ann. § 55-10-312.

42. Defendant AGB has the negligence of Defendant Kuldeep imputed to it as the registered owner of the 2006 Kenworth tractor trailer driven by Defendant Kuldeep at the time of the motor vehicle wreck described herein consistent with Tenn. Code Ann. § 55-10-311 and Tenn. Code Ann. § 55-10-312.

43. In order that Plaintiff may plead all causes of action or potential causes of action which might be applicable to this cause of action, Plaintiff states that in the event discovery in this cause reveals that Defendant JAAP and/or Defendant AGB failed to properly train, supervise, or retain Defendant Kuldeep before entrusting the 2006 Kenworth tractor trailer into his care or failed to adequately maintain the vehicle, said actions/inactions are pled as independent claims for which Plaintiff seeks relief.

## V. CAUSATION

44. Plaintiff avers that Defendants owed a duty of safe, careful, and lawful driving to Plaintiff but breached that duty and were negligent on the date of the collision. The negligence of Defendants, as set forth herein, directly, proximately, and caused-in-fact the motor vehicle wreck described herein and resulted in the injuries, damages, and losses described herein and here sought by Plaintiff.

45. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing Plaintiff to become liable for medical and other expenses and to suffer impairment to her body.

9

## VI. INJURIES AND DAMAGES

46. As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages including, but not limited to, the following specific items of damages:

   a. Physical pain, both past and future;

   b. Emotional suffering and grief, both past and future;

   c. Health care expenses, both past and future;

   d. Loss of enjoyment of life;

   e. Permanent impairment and partial disability;

   f. Property damage;

   g. Loss of earning capacity;

   h. Lost wages;

   i. Costs of this cause; and

   j. All other general damages and other relief allowed under the laws of the State of Tennessee to which she may be entitled.

## VII. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays:

1. That Plaintiff be permitted to file the foregoing Complaint under the above caption;

2. That all proper process issue and be served upon Defendants requiring each to make appearance and answer this Complaint within the time prescribed by law;

3. For a judgment against Defendants, and each of them, for compensatory damages in the amount of ten million dollars and no cents ($10,000,000.00), for the personal injuries, disabilities, and other damages suffered by Plaintiff as set forth herein as a direct and proximate result of each Defendants' negligence;

4. For a jury to be empaneled to try this cause;

5. For costs of this matter to be taxed to Defendants; and

6. For such other, further, and general relied to which she may be entitled under the law.

Respectfully submitted,

___/s/ Justin L. Crouch___
JUSTIN L. CROUCH, BPR No. 031719
Steinger, Greene & Feiner, P.A.
P.O. Box 330549
2214 Elliston Place, Suite 304
Nashville, Tennessee 37239
Telephone: (615) 721-2864
Facsimile: (615) 721-2864
jcrouch@injurylawyers.com
*Attorney for Plaintiff*

# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EBONY BOWERS

**(b)** County of Residence of First Listed Plaintiff: **DAVIDSON COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steinger, Greene & Feiner
PO Box 330549

### DEFENDANTS
SINGH KULDEEP, JAPP TRUCKING, INC., AND AGB EXPRESS CORPORATION

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [✓] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- [x] 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C § 1332

Brief description of cause:
Plaintiff's cause of action arises in tort for the damages she sustained as a result of an auto collision on April 9, 2021.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 10,000,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12-28-21
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____